## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J. MITCHELL,          )        Case No. 3:20-cv-27
                                )
      Plaintiff,            )        JUDGE KIM R. GIBSON
                                  )
    v.                       )
                                  )
KILOLO KIJAKAZI, Commissioner of    )
Social Security,[1]               )
                                  )
      Defendant.          )

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). *Pro se* Plaintiff Thomas J. Mitchell ("Mitchell") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court finds that the Commissioner's decision should be **AFFIRMED**.

## I.  Procedural History

On February 16, 2017, Mitchell protectively filed applications for DIB and SSI, alleging a disability onset date of June 1, 2016. (Tr. 27). Mitchell's applications were initially denied on May 9, 2017. (*Id.*). Mitchell filed a written request for a hearing on July 10, 2017. (*Id.*). On September 26, 2018, Administrative Law Judge ("ALJ") April M. Wexler held a video hearing from Central Islip, NY with Mitchell appearing in Johnstown, PA. (*Id.*).

---

[1] Dr. Kilolo Kijakazi was appointed the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dr. Kijakazi is substituted for Andrew M. Saul as the Defendant in this suit.

Mitchell was informed of his right to representation but chose to appear and testify without the assistance of an attorney or other representative. (*Id.*). The ALJ issued a decision on October 30, 2018, finding that Mitchell was capable of performing "sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can occasionally lift ten pounds." (Tr. 31). On December 17, 2019, the Appeals Council denied Mitchell's request for review of the ALJ's Decision. (Tr. 1-6). Having exhausted his administrative remedies, Mitchell appealed to this Court. (ECF No. 3).

The Commissioner filed an Answer and Transcript on March 16, 2021. (ECF Nos. 15, 16). Pursuant to the Court's first scheduling order, filed on March 17, 2021, Mitchell's motion for summary judgment and brief were due no later than 30 days from the date of the order. (ECF No. 17). After Mitchell failed to file any motions by the required date, and upon the Court being made aware that Mitchell did not receive a copy of the scheduling order dated March 17, 2021, the Court issued a second scheduling order on June 15, 2021, informing Mitchell that his motion for summary judgment and brief were due no later than 30 days from the day the order was issued. (ECF No. 18). The Court also mailed a copy of the Court's order to Mitchell's address of record. (ECF No. 19).

On July 15, 2021, Mitchell sent two letters informing the Court that the ALJ's transcript was deficient because it failed to include a "surgical report from Sharp Memorial hospital." (ECF No. 20). Mitchell also informed the Court of the medical precautions the Court would need to have in place should Mitchell need to appear in Court. (*See* ECF Nos. 20, 21). The Commissioner filed no motion for summary judgment in response to Mitchell's letter.

On December 1, 2021, the Court issued a third and final scheduling order requiring Mitchell to file a motion for summary judgment no later than December 10, 2021, and requiring the Commissioner to file a motion for summary judgment no later than January 10, 2022. (ECF No. 22). Neither Mitchell nor the Commissioner complied with the Court's order.

## II.  Discussion

### a.  Standard of Review

This Court's review is limited to a determination of whether the Commissioner's Decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). "The Commissioner's findings of fact are binding if they are supported by substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The Court "review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359

(3d Cir. 2011).  Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

**b.  Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process.  20 C.F.R. § 404.1520(a)(4).  "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'"  *Zirnsak*, 777 F.3d at 611 (quoting 20 C.F.R. § 404.1520(a)(4)(i)).  If the claimant is engaging in substantial gainful activity, then the claimant is not disabled.  *Id.*  "Second, the Commissioner considers the severity of the claimant's impairment(s)."  *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii)).  If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled."  *Id.*  "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments."  *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)).  If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled."  *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work."  *Id.*  In determining whether the claimant can perform past relevant work, the claimant's residual function capacity ("RFC") is assessed.  *Id.*  "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'"  *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations in original).  In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC

determination." *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)).  If the claimant can perform past relevant work, then the claimant is found not to be disabled.  *Id.*  The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence.  *Id.*

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Id.* at 612 (citing 20 C.F.R. § 404.1520(a)(4)(v); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)).  To meet this burden, "the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560).  The Commissioner uses the RFC, as well the testimony of vocational experts and specialists, to establish that work exists in significant numbers in the national economy that the claimant is capable of performing.  *Id.*  "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

c.  **The ALJ's Evaluation of Mitchell**

At step one, the ALJ found that Mitchell was not engaged in a substantial gainful activity since June 1, 2016. (Tr. at 29). At step two, the ALJ found that Mitchell had the following severe impairments: "carotid artery dissection secondary to cystic medial necrosis, hypertension, and obesity." (*Id.*). Further, the ALJ found that these impairments would "significantly limit [Mitchell's] ability to perform basic work activities" (*Id.*). At step three, the ALJ found that Mitchell "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. 31).

At step four, the ALJ determined that Mitchell has the RFC "to perform sedentary work," except that "he can occasionally lift ten pounds. (*Id.*). The ALJ also found that Mitchell was able to:

> [S]it for approximately six hours, and stand or walk for approximately two hours in an eight-hour day with normal breaks.  He can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch and crawl.  He has no limitation in his ability to push and pull.  He must avoid exposure to hazards such as machinery and heights.  He is limited to simple one- or two-step instructions, and a low stress work environment, defined as one with no production rate quotas, occasional decision-making, and only occasional adjustments to changes in a work setting. (*Id.*).

Finally, at step five the ALJ determined that, "[c]onsidering [Mitchell's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Mitchell] can perform." (Tr. 36). Accordingly, the ALJ found that Mitchell is not disabled within the meaning of the Social Security Act.  (Tr. 37).

### d.  Analysis

Although Mitchell filed no motion for summary judgment, the Court will construe Mitchell's letters submitted to the Court on July 15, 2021 and July 16, 2021 as a single motion for summary judgment against the Commissioner. (*See* ECF Nos. 20, 21).  In these *pro se* filings, Mitchell fails to assert any specific error with respect to the ALJ's opinion. (*Id.*). Rather, Mitchell argues that the Transcript provided by the Commissioner is incomplete because it is missing "the surgical report from Sharp Memorial hospital." (*Id.*). Further, Mitchell reiterates the severity of the medical conditions he experiences and requests that the Court take necessary precautions to accommodate his medical needs if he is required to attend Court. (*Id.*).

Although Mitchell fails to assert any specific substantive errors with the ALJ's opinion, in light of Mitchell's *pro se* status, the Court has reviewed the record and the ALJ's decision denying Mitchell's claims for DIB and SSI.  After a review of the record, the Court concludes (1) that the ALJ's decision denying Mitchell's DIB and SSI claims properly analyzed the evidence of record and (2) that substantial evidence supports the ALJ's conclusion that Mitchell was not disabled within the meaning of the Social Security Act. (Tr. 37).  Among other things, the Court finds that the ALJ properly considered the "record as a whole, including all of [Mitchell's] severe impairments, both singly and in combination, and consistent with the notes, findings and opinions of [Mitchell's] treating physician and other non-treating physicians," when determining Mitchell's residual functional capacity ("RFC") to perform sedentary work.   As set forth in the ALJ's opinion, the ALJ appropriately identified the evidentiary bases necessary to support her conclusions by substantial evidence.

Because the ALJ properly analyzed Plaintiff's claim, and her findings are supported by substantial evidence, the Commissioner's decision is affirmed. *See* 42 U.S.C § 405(g).

### III.    Conclusion

Based on the foregoing reasons, the Court finds that the Commissioner's decision was supported by substantial evidence and should be affirmed.  Therefore, judgment is hereby entered in favor of the Commissioner. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. MITCHELL, | ) | Case No. 3:20-cv-27 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this _31st_ day of March, 2022, upon consideration of Plaintiff's Motion for Summary Judgment (ECF Nos. 20, 21), **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE